IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH L. BERNARDI, | CIVIL DIVISION |
| Plaintiff, | Case No. 2:25-cv-01148 |
| v. | |
| EASTERN GAS TRANSMISSION AND STORAGE, INC., f/k/a Dominion Energy Transmission, Inc., | |
| Defendant. | |

# COMPLAINT AND JURY DEMAND

A. **_Preliminary Statement_**

1. Plaintiff Sarah Bernardi brings this action to recover redress damages caused to her property as a result of Defendant's negligent and reckless operation of its nearby gas well and appurtenances. A jury trial is demanded.

B. **_Jurisdiction and Venue_**

2. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and the Property that is the subject of this action is situated in this district.

C. **_The Parties_**

4. The Plaintiff is an adult individual who resides at 1022 Dahlia Lane, Jeannette, Pennsylvania, 25644.

5. Defendant is a Delaware corporation with offices at 925 White Oaks Blvd., Bridgeport, West Virginia, 26330.

6. Defendant is registered to conduct business within the Commonwealth of Pennsylvania as a foreign corporation under entity number 796041.

7. Defendant provides natural gas transmission and storage services in multiple states, including Pennsylvania.

D.   **_Factual Background_**

8. Plaintiff owns the subject matter property and home situated thereon located at 1026 Dahlia Lane, Jeannette, Westmoreland County, Pennsylvania 15644 ("Property").

9. Plaintiff let the Property to a third party ("Tenant") who resided on the Property from June 1, 2022 to December 20, 2023 at $1,400 per month (there were six months remaining on the lease at the time Tenant vacated, as further detailed below).

10. Plaintiff was able to lease the Property as she and the Tenant enjoyed the quiet, fresh air, fresh water, privacy, and overall peacefulness of the area.

11. The Property was served by a water well, which provided a water supply for drinking, bathing, cooking, washing, and other domestic purposes ("Water Well").

12. Defendant owns and operates the EJ Klingensmith 1 well, API number 129-00609, which was approximately 800 feet from the Water Well, as well as numerous appurtenances including pipelines (collectively, "Gas Well and Appurtenances").

13. Upon information and belief, in approximately September and October 2023, Defendant altered and otherwise performed work on the Gas Well.

14. Upon information and belief, the work that Defendant performed on the Well and surrounding site immediately prior to the Water Well becoming contaminated included digging

around the well, replacing stone, removing the wellhead and inserting a line into the Well to look for corrosion, changing a valve, installing a new wellhead, and a workover truck was onsite.

15. On November 14, 2023, Plaintiff noticed that the water in the Water Well looked like sludge and water would not move from the holding tank in the basement to the first floor. Plaintiff notified the Pennsylvania Department of Environmental Protection ("DEP").

16. Sampling performed on the Water Well by DEP on November 21, 2023 identified pollution of the Water Well. *See* **Exhibit A**.

17. Because of the pollution of the Water Well (*see infra*), Tenant vacated the Property and ultimately brought litigation against Plaintiff because of the lack of potable water. Plaintiff incurred attorney fees as a result of this litigation and other damages as a result of Tenant's actions while they vacated the Property.

18. Penn Township condemned the rental home on the Property on December 1, 2023 because it did not have potable water.

19. Upon information and belief, the DEP issued violations to Defendant in April 2024, including violations for discharge of industrial waste into waters of the Commonwealth, erosion and sediment control issues, best management practices, and permanent stabilization. *See* **Exhibit B**.

20. On or about May 24, 2024, the Westmoreland Conservation District issued a violation to Defendant for failure to implement erosion and sediment control plans for gas line disturbance within a wetland, which also documented the fact that the Defendant lacked a proper permit. *See* **Exhibit C**.

21. Sampling performed on the Water Well by the DEP on July 23, 2024 identified worsening of the pollution of the Water Well. *See* **Exhibit D**.

22. On or about September 5, 2024, methane was leaking from the Well. *See* **Exhibit D**.

23. Upon information and belief, the DEP issued recurring violations to Defendant in April 2025 for discharge of industrial waste into waters of the Commonwealth, prohibition against other pollutants, erosion and sediment control issues, best management practices, and permanent stabilization. *See* **Exhibit E**.

24. Because of the contamination of the Water Well, there was no source of clean water for drinking, bathing, cooking, washing, and other domestic purposes at the Property.

25. Plaintiff notified a landman employed by Defendant, Tom Burns, about the issues with the water in December 2023.

26. Plaintiff spoke with Mr. Burns on multiple occasions thereafter.

27. During the communications between Mr. Burns and Plaintiff, Mr. Burns falsely claimed that Defendant did not cause the issues with the Water Well.

28. As a result of the pollution of the Water Well, Plaintiff lost the rental income she was receiving from Tenant and was unable to relet the Property to another Tenant until June 2025.

29. As a result of the pollution of the Water Well, Plaintiff incurred costs to obtain access to a new water well to serve the Property.

30. As a result of the pollution of the Water Well, Plaintiff expended time and effort to investigate the pollution.

31. As a result of the pollution of the Water Well, Plaintiff has incurred legal fees and costs to address this matter.

32. Plaintiff's damages include the time Plaintiff's loss of enjoyment and other activities as a result of spending time dealing with this matter.

33. To-date, Defendant has done nothing to fully restore or adequately replace the Water Well.

34. Instead, Defendant misrepresented and attempted to mislead Plaintiff as to Defendant's culpability.

35. Despite knowledge of the injuries suffered and damages sustained by Plaintiff, Defendant has taken no reasonable measures to remedy the ongoing injuries to Plaintiff caused by its actions and/or omissions.

36. As a result of Defendant's acts and/or omissions, Plaintiff has suffered and continues to suffer significant injuries, including her right to own, possess, and let the Property for which she is entitled to compensation.

## FIRST CAUSE OF ACTION:  Private Nuisance

37. The preceding paragraphs are incorporated herein by reference as if they were set forth at length.

38. In Pennsylvania, private nuisance occurs when the activities of another encroaches upon another's interest in the private use and enjoyment of land, and the encroachment is either intentional and unreasonable, or unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities.

39. Defendant had a duty not to contaminate the subsurface and surface waterways under, *inter alia*, the PA Clean Streams Law, the PA Oil and Gas Act and the United States Clean Water Act.

40. Defendant, including its officers, agents, contractors, and/or employees, caused, created and maintained an unreasonable, private, temporary, continuing, and abatable invasion of Plaintiff's use and enjoyment of the Property by causing the pollution of the Water Well.

41. Defendant, including its officers, agents, contractors, and/or employees, negligently, recklessly, knowingly, intentionally, or otherwise impaired Plaintiff's private use and enjoyment of the Property by improperly operating and overseeing its operations, including that of the Gas Well and Appurtenances, continuing nuisance on the Property, by allowing the Gas Well and Appurtenances to exist and operate in a negligent, dangerous and hazardous condition, allowing discharges, and releases, and/or the threats of discharges and releases, of pollutants.

42. As a direct and proximate result of Defendant's acts and/or omissions in the ownership, operation, and maintenance of its operations including the Gas Well and Appurtenances, Plaintiff has suffered the following:

    (a)    Loss of rental income;

    (b)    Remediation of the home on the Property;

    (c)    Damages because Plaintiff had to obtain access to a new water well for the Property;

    (d)    substantial discomfort;

    (e)    annoyance;

    (f)    angst, anxiety, distress, disgust, fear, and concern;

    (g)    difficulty sleeping; and

    (h)    destruction and diminution of real and personal property.

43. Defendant, including its officers, agents, contractors, and/or employees knew and was alerted that its operations including those related to the Gas Well and Appurtenances in such close proximity to the Water Well would create and maintain a continuing nuisance to Plaintiff.

44. The injurious conditions created by Defendant were reasonably and practicably abatable through responsible and lawful operation, procedures, management, repair, technology, oversight, maintenance, or otherwise.

45. Despite having knowledge of the harms and damages of its acts and/or omissions, Defendant has failed to take known, reasonable, practicable, and necessary steps to warn of, abate, minimize, or eliminate such conditions.

46. As a result, Defendant is liable for all of the damages and injuries to the Plaintiff caused by Defendant's acts and/or omissions and its failure to abate such nuisance.

47. Defendant knew or should have known that its conduct described herein, including but not limited to, the activities related to the Gas Well and Appurtenances and has and continues to cause injury to Plaintiff, the Property, and Plaintiff's quiet use and enjoyment of the Property, including the right to let the Property and receive rental income therefrom.

48. Some or all of Defendant's acts and/or omissions including those of its officers, agents, contractors, and/or employees were intentional or gross, reckless or wantonly negligent and were done with full knowledge of an utter disregard for Plaintiff's rights, property, safety, and well-being.

49. Plaintiff in no way contributed to the damages and injuries she has sustained.

## SECOND CAUSE OF ACTION:  Trespass

50. The preceding paragraphs are incorporated herein by reference as if they were fully set forth herein.

51. Plaintiff did not consent, either expressly or impliedly, to any discharges or transmission of materials or pollutants released or caused by Defendant's operations to transmit to the Property or to enter the Water Well.

52. As a result of these trespasses, Plaintiff, the Property, including the Water Well, were harmed.

53. Defendant, including their officers, agents, contractors, and/or employees, created and maintained a continuing trespass on the Property, allowing the contamination of the Water Well.

54. Some or all of Defendant's acts and/or omissions including those of its officers, agents, contractors, and/or employees were intentional or grossly, recklessly or wantonly negligent and were done with full knowledge of and in utter disregard for Plaintiff's rights, property, safety, and well-being.

55. It is impossible to know exactly how many incidents of trespasses occurred or will occur in the future, or the severity of the damage that may be caused, such that the full amount of damages cannot be calculated in a single action.

### THIRD CAUSE OF ACTION:  Negligence

56. The preceding paragraphs are incorporated herein by reference as if they were fully set forth herein.

57. Defendant owed the following duties of care to the Plaintiff:

   (a) to reasonably and responsibly construct, own, operate, control and maintain its infrastructure, including the Gas Well, so as not to injure Plaintiff or otherwise impair her use and enjoyment of the Property;

   (b) to take all measures reasonably necessary to inform and protect Plaintiff from dangerous and/or unreasonable activities;

   (c) to warn of the conditions and harms its activities might, would, or do cause Plaintiff;

   (d) to mitigate the impacts of its activities, including as they relate to the Water Well;

   (e) to follow all regulations, laws, ordinances, and requirements applicable to its activities;

  (f) to design and maintain safe and responsible activities, taking steps as necessary to prevent the impact on Plaintiff and the Property; and

  (g) the above list is by no means exhaustive or exclusive, and Plaintiff does not waive her ability to submit additional evidence of additional duties throughout the course of this litigation.

58. Defendant, including its officers, agents, contractors, and/or employees knew, or in the exercise of reasonable care should have known, that its acts and/or omissions would result in the release or the threat of release of pollution.

59. Defendant failed to provide oversight of its alteration and work performed on the Gas Well and Appurtenances.

60. Defendant breached the duty to prevent the contamination and pollution of the Water Well by conducting the activities in a manner that allowed and caused said contaminants and pollution to enter the Water Well.

61. Defendant, including its officers, agents, contractors, and/or employees, knew or, in the exercise of reasonable care, should have known that such damages would be caused by its negligent and reckless conduct, and the resultant harm to Plaintiff and the Property were foreseeable consequences of Defendant's acts and/or omissions.

62. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff has suffered damages for which she is entitled to compensation.

63. Some or all of Defendant's acts and/or omissions including those of its officers, agents, contractors, and/or employees were intentional or gross, recklessly or wantonly negligent and were done with full knowledge of an utter disregard for Plaintiff's rights, property, safety, and well-being.

64. As evidenced by the multiple notices of violations of environmental laws issued by the DEP, Defendant engaged in negligence *per se*.

65. Plaintiff in no way contributed to the damages and injuries she has sustained.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant, together with punitive damages, and other relief, including costs of suit, reasonable attorney and expert fees as well as such further relief that this Honorable Court deems just and proper.

                                      Respectfully submitted,

*/s/ Michael J. Bruzzese*
Michael J. Bruzzese
Pa. I.D. No. 63306
220 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 281-8676
mjb@mjblawoffice.com

Lisa Johnson
PA I.D. No. 200101
Lisa Johnson & Associates
1800 Murray Ave., #81728
Pittsburgh, PA 15217
412-913-8583
lisa@lajteam.com

Counsel for the Plaintiff

Dated: July 30, 2025